IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. PD-0007-13 & PD-0008-13




ALI YAZDCHI, Appellant

v.

THE STATE OF TEXAS



ON APPELLANT’S PETITION FOR DISCRETIONARY REVIEW
FROM THE FIRST COURT OF APPEALS
HARRIS COUNTY



           Johnson, J., filed a dissenting opinion.

D I S S E N T I N G O P I N I O N

            I do not agree that the language of Article 42.12, § 20(a) is unambiguous. As with many
statutes, the language covers a number of circumstances, some of which are compatible with the
others, some not. All emphasis is mine.
            Sec. 20. REDUCTION OR TERMINATION OF COMMUNITY SUPERVISION.
 
(a) At any time after the defendant has satisfactorily completed one-third of the
original community supervision period or two years of community supervision,
whichever is less, the period of community supervision may be reduced or terminated
by the judge.

This part of the text is clear and unambiguous.
 
On completion of one-half of the original community supervision period or two years
of community supervision, whichever is more, the judge shall review the defendant's
record and consider whether to reduce or terminate the period of community
supervision, unless the defendant is delinquent in paying required restitution, fines,
costs, or fees that the defendant has the ability to pay or the defendant has not
completed court-ordered counseling or treatment.
 
Before reducing or terminating a period of community supervision or conducting a
review under this section, the judge shall notify the attorney representing the state
and the defendant or, if the defendant has an attorney, the defendant's attorney.
 
If the judge determines that the defendant has failed to satisfactorily fulfill the
conditions of community supervision, the judge shall advise the defendant in writing
of the requirements for satisfactorily fulfilling those conditions.

            This part is also clear and unambiguous, although I do not know the extent to which the
mandatory-review component is complied with, and I think it more likely that the notice of the
requirements for satisfactory completion will come from a probation officer than from the judge.
Upon the satisfactory fulfillment of the conditions of community supervision, and the
expiration of the period of community supervision, the judge, by order duly entered,
shall amend or modify the original sentence imposed, if necessary, to conform to the
community supervision period and shall discharge the defendant.

            The language begins to get murky here. Is “expiration” the same as “termination” and
“reduction”? If not, does a probationer whose term of community supervision has been reduced have
to wait until the original term has expired before the judge shall discharge him?
If the judge discharges the defendant under this section, the judge may set aside the
verdict or permit the defendant to withdraw the defendant's plea, and shall dismiss
the accusation, complaint, information or indictment against the defendant, who shall
thereafter be released from all penalties and disabilities resulting from the offense or
crime of which the defendant has been convicted or to which the defendant has
pleaded guilty, . . . .

            After discharge from community supervision under this part of Section 20(a), the judge may
set aside the verdict and allow the defendant to withdraw his plea. The judge shall then dismiss the
charging instrument. This creates two obvious options: discharge and dismissal of the charging
instrument or discharge and dismissal of the charging instrument plus the setting aside of the verdict
and the defendant’s plea. But it also creates a third option: read in chronological sequence, the judge
discharges the defendant, chooses to set aside the verdict and the plea, and then must dismiss the
charging instrument. In the third option, “shall dismiss” applies, not to all discharges from
community supervision, but only to those in which the judge chose to set aside the verdict and plea. 
And how can a judge dismiss a charging instrument and leave the verdict intact?
except that:
(1) proof of the conviction or plea of guilty shall be made known to the judge should the
defendant again be convicted of any criminal offense; and
(2) . . . .

            For what purpose is the previous offense to be made known? Who shall make it known to
the judge? When shall it be made known? The last is the easiest question to answer: when the
defendant is again convicted of any criminal offense. Requiring that a prior community supervision
is to be made known to the judge if the defendant is again convicted indicates that the legislature
intended that the prior offense is to be considered only on punishment.
            It has been suggested that the defendant must make the prior offense known to the judge
before trial, based on the requirement that a motion for jury-recommended community supervision
must be filed before trial. But what if the defendant elects sentencing by the judge? He is not
required to file a motion, so who makes the previous offense known to the judge? What if the
defendant does not seek probation? Who makes the previous offense known to the judge? Clearly,
the community-supervision office knows of the previous conviction and, therefore, it seems to be
the entity that makes the previous conviction known to the judge, but the statute does not tell us if
that was the intended source. And does “made known to the judge” require or even permit the
previous offense to be made known to other persons, such as witnesses and jurors?
            Lastly, “again convicted” weighs toward concluding that the purpose of making the previous
offense known to the judge is providing relevant sentencing information for punishment.
            Further, the statute states that, upon discharge, the defendant “shall thereafter be released
from all penalties and disabilities resulting from the offense or crime of which the defendant has
been convicted or to which the defendant has pleaded guilty, . . . .” If the conviction is “resurrected,”
does it also then become final and “resurrect” all penalties and disabilities? What if, under one of
the previous versions of the law, the defendant’s conviction was expunged? Can it still be
“resurrected” and “made known to the judge”?
            Too many questions, too few answers. I respectfully dissent.
 
Filed: April 9, 2014
Publish